UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-13-MOC-3

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TIMOTHY JAMES DONAHUE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's two pro se Motions for Compassionate Release/Reduction of Sentence. (##341, 342). Defendant, a 51-year-old white male seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

## I. BACKGROUND

Defendant is serving a sentence of 188-months of imprisonment, after being convicted by a jury of two counts of robbery. Defendant's projected release date is February 4, 2025. Defendant is currently incarcerated at the Federal Medical Center in Butner, North Carolina.

On July 8, 2020, Defendant filed his first motion for compassionate release. (Doc. No. 331). The Government opposed the motion and argued, among other things, that Defendant had not exhausted his administrative remedies. (Doc. No. 335). This Court agreed with the Government and on August 21, 2020, it denied Defendant's motion on the administrative remedies ground. (Doc. No. 336).

On October 27, 2020, Defendant filed a second motion for compassionate release,

-1-

presenting the same arguments from his first motion, including that he had exhausted his administrative remedies. (Doc. No. 341). In support, Defendant attached several documents that reflected the administrative remedy process. One of these documents shows that on September 2, 2020, he filed an "Attempt at Informal Resolution" form, which he is required to do before he can submit a formal "Request for Administrative Remedy" form. (Doc. No. 341, p. 34). In the Informal Resolution form, Defendant asked for home confinement "so that I don't contract Covid-19." (Id.). A prison counselor denied Defendant's request because the offense for which Defendant was in prison is a crime of violence. (Doc. No. 341, p. 35).

After the counselor denied his request, Defendant submitted a request to the warden claiming that because he is "a minimum scored recidivator" and "meet[s] all the criteria for the CARES Act," he is entitled to home confinement. (Doc. No. 341, pp. 35-36). Defendant also argued that his offense of conviction was not a crime of violence. (Doc. No. 341, p. 36). On September 9, 2020, the warden denied Defendant's request in writing, stating:

> Although you have a "Minimum" PATTERN Risk Score, your instant offense involved the planning and executing [] robberies of several individuals. During one of the robberies, the victims were bound and assaulted. This is clearly a crime of violence which disqualifies you from consideration for early release to home confinement. In addition, you are a healthy, Care Level 1 inmate who is not medically compromised."[1]

(Doc. No. 341, p. 37). On September 14, 2020, the BOP provided Defendant with the warden's written decision and notified him that he had 20 days to appeal the decision. (Id.). Defendant has not provided documentation showing that he has appealed.[2]

---

[1] As of November 16, 2020, Defendant's Inmate Care Level was 2. (Ex. 1, p. 82).
[2] A court may grant the defendant's motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed

-2-

In his second motion for compassionate release, Defendant argues that he qualifies for early release because he has "hypertension, an 'underlying health condition' identified by the Center[] for Disease Control and Prevention which makes contraction of COVID-19 more deadly." (Doc. No. 341, p.1). Before the Court acted on this second motion, Defendant filed a third motion for compassionate release, this time asserting that because he has hypertension, high cholesterol and "has contracted Covid ... and there is no real place for the Admin. [sic] to properly house us to keep from reinfection" he has a "serious medical condition ... that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility, and [he] is not expected to recover from this condition," and should be released early to home confinement. (Doc. No. 342, pp. 4–5).

Defendant's medical records indicate that he has hyperlipidemia and hypertension, both of which were "controlled and asymptomatic" as of February 4, 2020. (Ex. 1, pp. 12, 15). Also, Defendant tested positive for Covid-19 on October 26, 2020, then was in isolation until November 16, 2020. (Ex. 1, pp. 68, 82). At the time of his positive test, Defendant was "asymptomatic and afebrile," and it appears that he had minor symptoms--loss of taste and smell, sinus drainage, cough, shortness of breath, and a headache--at various times after his diagnosis. (Ex. 1, pp. 36–42, 71). His medical records do not indicate that he required hospitalization or medical treatment for COVID-19.

## II. DISCUSSION

---

"from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Here, it appears that 30 days have passed since receipt of Defendant's request for relief from the warden; therefore, the Court will consider Defendant's motion even though he does not appear to have appealed the warden's initial decision.

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[3]

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G.

---

[3] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf. 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

§ 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either of those categories and therefore could not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under § 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[4]

---

[4] See Centers for Disease Control, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (as of November 23, 2020).

-5-

that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, Defendant has not asserted any conditions establishing "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A). Defendant suffers from hyperlipidemia and hypertension; the latter is a condition that might increase his risk of severe illness should he contract COVID-19. These conditions were "controlled and asymptomatic" as of February 4, 2020. (Ex. 1, p. 12). Defendant has already contracted COVID-19 and despite his medical conditions, he had minor symptoms, no complications, and did not require hospitalization. (Ex. 1). Defendant's own experience with COVID-19 underscores the absence of extraordinary circumstances particular to him—he did not suffer severe illness even though he has hypertension and hyperlipidemia. Additionally, Defendant has not shown that his facility is unequipped to provide appropriate medical care, or that he faces guaranteed superior care outside custody.

Admittedly, the experts at the CDC do not yet know how long COVID-19 immunity might last following infection, but it is reasonable for the Court to find that Defendant is not at risk of infection for some time. In any event, Defendant "cannot now meet his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and escaped unscathed." United States v. Burks, No. 3:14-CR-208-MOC-1, 2020 WL

-6-

Case 3:12-cr-00013-MOC-DCK    Document 347    Filed 12/11/20    Page 6 of 8

4927481, at *3 (W.D.N.C. Aug. 21, 2020); see also United States v. Logan, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted—and beaten—the virus."). There is no definitive evidence of widespread vulnerability to reinfection. See Carolyn Y. Johnson & Ariana Eunjung Cha,"Can you get coronavirus twice? Doctors are unsure even as anecdotal reports mount." WASH. POST, July 22, 2020 (Gov't. Attachment B). Furthermore, Defendant's history suggests that even if he "contracts the virus again," he "is not at a particularly high risk for a severe infection." See United States v. Lampkin, No. 17-CR-399-WJM, 2020 WL 4016115, at *2 (D. Colo. July 16, 2020). For these reasons, Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c).

Defendant's request for a sentence reduction is also denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. The nature and circumstances of Defendant's crime were egregious. First, he "was the point man for the robbery and provided information about the [victims], their home, their dog, their schedule, and a large amount of cash expected to be found in their safe." (Doc. No. 330, pp. 2-3). Second, he "participated in a robbery in which a firearm was pointed at the victims and the victim children's lives were threatened." (Doc. No. 330, ¶ 18). And, "the victims...were tied up with a rope and a belt and made to lie on the floor," and a "victim was hit in the head [with a] firearm, suffering a wound that required medical attention." (Doc. No. 223 ¶¶ 19, 20). The Court's original sentence of 188 months reflects the seriousness of the crime, which involved the use of a firearm, the restraint of a person, bodily injury to a victim, a loss

Case 3:12-cr-00013-MOC-DCK   Document 347   Filed 12/11/20   Page 7 of 8

amount of at least $1.5 million, and obstruction of justice. Defendant's significant sentence also promoted respect for the law and provided just punishment. Reducing Defendant's sentence would undermine those factors. Also, both specific and general deterrence are especially important factors with regard to violent crimes, and early release undercuts the idea of deterrence. Accordingly, this Court will deny the motion for a sentence reduction.

Next, to the extent that Defendant seeks to be released to home confinement, this Court has no authority to direct BOP to place a defendant in home confinement. Rather, such designation decisions are committed solely to BOP's discretion. See 18 U.S.C. § 3621(b); United States v. Voda, 994 F.2d 149, 151–52 (5th Cir. 1993).

Finally, Defendant requests that this Court appoint him counsel, but there is no right to counsel with respect to a motion for compassionate release. United States v. Gray, 2020 WL 1943476, at *2 (E.D.N.C. Apr. 22, 2020); United States v. Richardson, 2020 WL 2200853, at *1 (E.D.N.C. May 6, 2020). Thus, the Court denies Defendant's request for appointment of counsel.

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motions for Compassionate Release/Reduction of Sentence, (##341, 342), are **DENIED**.

Signed: December 11, 2020

Max O. Cogburn Jr
United States District Judge